UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMAL GRANT,

                Plaintiff,

      v.

ANTHONY ANNUCCI, *Commissioner*,
et al.,

              Defendants.

_____

**DECISION AND ORDER**

1:19-CV-01188 EAW

## INTRODUCTION

*Pro se* plaintiff Jamal[1] Grant ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 asserting claims that arose while he was incarcerated at Five Points Correctional Facility ("Five Points"), a facility within the New York State Department of Corrections and Community Supervision ("DOCCS").   (Dkt. 1; Dkt. 17; Dkt. 23). Presently before the Court is a motion for summary judgment (Dkt. 64) filed by defendant Robert Shields ("Defendant"), who was formerly employed as the Acting Deputy Superintendent of Security at Five Points (*see* Dkt. 64-9 at ¶¶ 1-2).[2]   For the following reasons, Defendant's motion is granted.

---

[1]    Based on a review of the records (*see*, *e.g.*, Dkt. 64-8 at 11 (Plaintiff's deposition transcript where he spells his name)), it is apparent that Plaintiff's first name is misspelled on the docket.  The Clerk of Court is directed to change the caption as noted above and change Plaintiff's first name from "Jamah" to "Jamal."

[2]    The only claims that were permitted to proceed to service were claims against defendant Shields.  (*See* Dkt. 19 at 14).  Thus, consistent with the Court's prior directions (*see*, *e.g.*, Dkt. 19 at 14), the Clerk of Court is directed to terminate all other defendants.

## BACKGROUND

Plaintiff filed his complaint on September 5, 2019, and amended complaint on June 1, 2021.  (Dkt. 1; Dkt. 17).  On October 4, 2021, Plaintiff filed a second amended complaint.  (Dkt. 23).  The Court screened Plaintiff's complaint, amended complaint, and second amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Based on that screening, Plaintiff's First Amendment retaliation claim and Eighth Amendment conditions of confinement claim against Defendant were permitted to proceed to service.  (Dkt. 14 at 14; Dkt. 19 at 14; *see* Dkt. 31 at 6-11).  The crux of Plaintiff's claims that survived screening were that upon his release from the Special Housing Unit, Defendant targeted Plaintiff by placing him on contraband watch between August 13 and August 21, 2019, during which time Plaintiff was allegedly stripped naked and forced to sleep on a steel bed with no mattress, sheets, or a blanket for nine days, written up with misbehavior reports, and denied medical care.  (*See* Dkt. 31 at 6-7, 9, 10; *see also* Dkt. 64-2 at ¶¶ 7, 11, 39 (outlining placement on contraband watch on August 13, 2019, and release from contraband watch on August 21, 2019)).

On October 17, 2024, Defendant filed his motion for summary judgment.  (Dkt. 64; Dkt. 65).  Plaintiff filed a response to the motion for summary judgment on January 21, 2025.  (Dkt. 69).[3]  Defendant replied on January 30, 2025.  (Dkt. 70).

---

[3]    Despite being granted an extension of time to file his response (Dkt. 68) and being afforded three months to respond to the summary judgment motion, Plaintiff's response fails to adequately address the merits of the motion (*see* Dkt. 69).  Plaintiff claims that he is unable to properly respond to the motion because of his lack of mental capacity and an inadequate law library.  (*Id.*).  But Plaintiff has been actively litigating this action *pro se* for six years, filing amended pleadings and successfully defending a motion to dismiss.

## DISCUSSION

### I. Summary Judgment Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, it finds that no rational jury could find in favor of that party. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

"The moving party bears the burden of showing the absence of a genuine dispute as to any material fact. . . ." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014). "Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial." *Johnson v. Xerox Corp.*, 838 F. Supp. 2d 99, 103 (W.D.N.Y. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). Once the

---

(*See, e.g.*, Dkt. 29). Plaintiff's claims that he is not able to defend the summary judgment motion are conclusory and contradicted by Plaintiff's track record of litigation activity in this matter. In other words, the record indicates that Plaintiff has pursued and can pursue this action. Indeed, this is not Plaintiff's first *pro se* lawsuit that he has pursued in this district. *See Grant v. Myer et al.*, Case No. 6:07-cv-06256-CJS-MWP, Dkt. 24 (W.D.N.Y. Jan. 26, 2010) (case settled by payment to Plaintiff of $5,400). Notwithstanding the lack of any meaningful response from Plaintiff, the Court has carefully considered the record in resolving the pending summary judgment motion and will not just accept Defendant's contention that the material facts should be deemed undisputed by virtue of Plaintiff's failure to adequately respond. (Dkt. 70 at 2-3).

moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)).  Specifically, the non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358.  Indeed, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

## II.  **Plaintiff's Claims are Unexhausted**

Defendant argues that he is entitled to summary judgment on Plaintiff's claims because Plaintiff never filed a grievance related to his claims against Defendant or otherwise exhausted his administrative remedies.  (Dkt. 64-1 at 10-12).  Plaintiff's opposition admits that he has no documents to suggest otherwise (Dkt. 69 at 2), and a review of Plaintiff's other filings in this case reveal no evidence that he exhausted his administrative remedies with respect to the claims against Defendant.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life,

whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

To satisfy the PLRA's exhaustion requirement, a plaintiff must demonstrate the "proper exhaustion of administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'" *Jones v. Bock*, 549 U.S. 199, 218 (2007). As such, "[t]he exhaustion inquiry . . . requires that [the court] look at the state prison procedures and the prisoner's grievance to determine whether the prisoner has complied with those procedures." *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009).

"Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011). However, "[f]ailure to exhaust administrative remedies is an affirmative defense . . . and when raised as a basis for summary judgment, the defendant 'bears the initial burden of establishing, by pointing to legally sufficient sources such as statutes, regulations, or grievance procedures, that a grievance process exists and applies to the underlying dispute.'" *Deleon v. Ayers*, No. 16-CV-6848L, 2023 WL 171889, at *2 (W.D.N.Y. Jan. 12, 2023) (quoting *Hubbs v. Suffolk Cnty. Sheriff's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015)).

In New York, proper exhaustion entails going through a three-step appeal procedure set out in 7 N.Y.C.C.R. § 701.5. *Garraway v. Smith*, No. 12-CV-924S, 2020 WL 491328, at *4 (W.D.N.Y. Jan. 30, 2020). This section provides:

> (1) the inmate must submit a written complaint to the Grievance Clerk within 21 calendar days of the alleged occurrence; the Grievance Clerk then submits the complaint to the Inmate Grievance Resolution Committee ("IGRC") for

investigation and review; (2) if the IGRC denies the grievance, the inmate may appeal to the superintendent of the facility by filing an appeal with the [Grievance Clerk]; (3) after the superintendent issues a decision, the inmate may appeal to CORC, which makes the final administrative determination.

*Id.* An inmate may only seek relief under § 1983 "[i]f all three levels of review are exhausted." *Id.*

"[I]nmates must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures." *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004). DOCCS Directive 4040, which Defendant has submitted in support of his motion, pertains to the Inmate Grievance Program, and requires that the contents of the grievance "contain a concise, specific description of the problem and the action requested and indicate what actions the grievant has taken to resolve the complaint." (Dkt. 64-5 at 12). "This requirement, the Second Circuit has held, is analogous to the requirements of notice pleading." *Solano v. Aubin*, No. 9:20-CV-1378 (BKS/ML), 2023 WL 5200397, at *5 (N.D.N.Y. Aug. 14, 2023) (citing *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006)). "As in a notice pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief[;] [a]ll the grievance need do is object intelligibly to some asserted shortcoming." *Johnson*, 380 F.3d at 697 (quotation omitted).

DOCCS Directive 4040 does not require that inmates name specific defendants. (*See* Dkt. 64-5 at 12); *see also Solano*, 2023 WL 5200397, at *5 ("a grievance need not identify parties by name"). Nor does the PLRA itself impose a "name all defendants" requirement. *Jones v. Bock*, 549 U.S. 199, 217 (2007).

In support of his argument that Plaintiff failed to exhaust his administrative remedies, Defendant attaches a declaration with exhibits from Mandi Schultz, the Five Points Inmate Grievance Supervisor, who establishes that a search of the IGRC revealed no grievances filed by Plaintiff regarding his being placed on contraband watch between August 13-19, 2019.  (Dkt. 64-6 at ¶¶ 8-10 & Ex. B).  Defendant also attaches a declaration with exhibits from Rachael Seguin, the DOCCS Director of Incarcerated Grievance Program, (Dkt. 64-5), who establishes that Plaintiff did not appeal any facility-level determinations from Five Points during the relevant time regarding his placement on contraband watch (*id.* at ¶ 11).  The printout from the CORC database submitted by Ms. Seguin shows 68 compiled grievances appealed to CORC by Plaintiff between April 10, 2006, and January 23, 2023.  (*See id.*).  But none relate to the issues in this litigation. Plaintiff filed a grievance on July 25, 2019 (*i.e.*, before the relevant time period at issue in this litigation), stating that he had not been seen by medical.  (*Id.* at 26).  Plaintiff's next grievance was filed on November 5, 2019, complaining about "[k]eeplock" in SHU.  (*Id.*).[4]

Thus, Defendant has established through admissible evidence that Plaintiff did not file any grievances regarding his retaliation claim and conditions of confinement claim. Plaintiff has submitted no evidence to contradict these undisputed facts.  The Court has considered that Plaintiff attached a letter to his amended complaint, which is directed to the Clerk of Court and attempts to bring a criminal action against Defendant and other

---

[4]    Even if the Court were to assume the November 5, 2019 grievance was written about Defendant, the grievance was filed well after the allowed 21 calendar days after the alleged occurrence. *See Garraway*, 2020 WL 491328, at *4.

officers.  (Dkt. 17 at 14).  But complaint letters do not satisfy exhaustion requirements.
*Hernandez v. Coffey*, No. 99 CIV. 11615 (WHP), 2003 WL 22241431, at *3 (S.D.N.Y.
Sept. 29, 2003) (holding that the plaintiff's "complaint letters are insufficient to exhaust
his administrative remedies") (collecting cases).  Accordingly, Defendant's request for
summary judgment on this basis is granted.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment (Dkt. 64) is
granted and the Clerk of Court is directed to enter judgment in favor of Defendant.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:    July 11, 2025
          Rochester, New York

- 8 -